UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 0:18-CR-5-REW |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ADRIAN MITAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 82 (Minute Entry), Judge Stinnett recommended that the undersigned accept Defendant Mitan's guilty plea and adjudge him guilty of Count 1 of the Indictment in this matter (DE 1), Count 1 of the Superseding Indictment in Case No. 5:18-cr-81-REW, at ECF No. 249, and Count 1 of the recently transferred (per Criminal Rule 20 and the parties' agreement, *see* DE 84 at ¶ 4) Western District of North Carolina Indictment in Case No. 5:20-cr-4-REW, at ECF No. 1-1. *See* DE 85 (Recommendation); *see also* DE 84 (Plea Agreement). Judge Stinnett expressly informed Defendant of his right to object to the recommendation and to secure *de novo* review from the undersigned. *See* DE 85 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)-(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 85 (as well as the identical versions filed in the related matters), **ACCEPTS** Mitan's guilty plea, and **ADJUDGES** him guilty of Count 1 of the Indictment in this matter (DE 1), Count 1 of the Superseding Indictment in Case No. 5:18-cr-81-REW, at ECF No. 249, and Count 1 of the transferred Western District of North Carolina Indictment in Case No. 5:20-cr-4-REW, at ECF No. 1-1.;

2. The forfeiture allegations of the relevant Indictments in this matter and 5:18-cr-81-REW name Defendant Mitan (and the 5:20-cr-4-REW Indictment contains a general notice of forfeiture). However, the only Indictment that alleges specifically forfeitable property, 5:18-cr-81-REW, at ECF No. 249, does not identify any property in which Mitan has a readily apparent interest. Further, and though the document lists forfeiture as a potential penalty, *see* DE 84 at ¶ 3, the plea agreement does not include an accord as to proper forfeiture scope (if any). Thus, the Government **SHALL**, within **14 days**, file (in this matter) a status report regarding forfeiture (as to Mitan only, in all Mitan-related matters);

3. The Court **GENERALLY CONTINUES** the jury trial in this matter (the schedule in 5:18-cr-81, as to Mitan's co-Defendants remains intact);

4. The Court **DENIES** DE 76 **as moot**;

5. The Court **DIRECTS** the Clerk to file a copy of this Order in 5:18-cr-81 and 5:20-cr-4 to reflect the Court's adoption of Judge Stinnett's identical recommendations in those matters; and

6. The Court will issue a separate sentencing order.[1]

This the 17th day of January, 2020.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge

---

[1] At the hearing, Judge Stinnett remanded Mitan to custody. *See* DE 82. The Court, thus, sees no need to further address detention, at this time.